IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD AND DOLLIE THOMPKINS** | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-00381 |
| | § | |
| **LIBERTY PERSONAL INSURANCE COMPANY** | § | |
| | § | |
| Defendant | § | |

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT and DEMAND FOR JURY TRIAL**

> Insurer arbitrarily, capriciously, or without probable cause delayed and underpaid the Policyholder's covered claims caused by a June 12, 2021 Windstorm and Hurricane Ida

NOW INTO COURT, DONALD THOMPKINS & DOLLIE E. THOMPKINS ("THOMPKINS" or "Insureds" or "Plaintiffs"), by and through their undersigned counsel, hereby issues their First Amended Complaint against LIBERTY PERSONAL INSURANCE COMPANY ("LIBERTY" or "Insurer" or "Defendant") and alleges, upon information and belief, the following:

**I.
NATURE OF ACTION**

1.  The THOMPKINS seek to recover from Defendant all damages, penalties, fees, interest, and other relief to which they are legally entitled arising from Defendant's arbitrary and capricious failure to promptly and fully pay benefits owed under its residential property policy for losses arising from a windstorm that caused significant damage to their home in which they reside on or about June 12, 2021 and a catastrophic hurricane that made

1

landfall in Louisiana on August 29, 2021 ("Hurricane IDA") that caused significant damage to their home in which they reside.

## II.
## THE PARTIES

2. DONALD AND DOLLIE THOMPKINS ("THOMPKINS") are persons of the full age of majority domiciled in Baton Rouge, East Baton Rouge Parish, Louisiana.

3. Defendant herein, LIBERTY PERSONAL INSURANCE COMPANY, is a nongovernmental corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in the State of New Hampshire, with its principal place of business in the State of New Hampshire, located at 100 Liberty Way, Dover, NH 03820 and may be served through its registered agent of service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

4. A corporation is a citizen of the state in which it has been incorporated and of the state in which it has its principal place of business. 25 U.S.C 28 U.S.C. § 1332(c)(1); see Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

5. Accordingly, LIBERTY is a Citizen of New Hampshire for purposes of diversity jurisdiction.

6. Upon information and belief, Defendant is an admitted insurer authorized to do, and doing business, in the State of Louisiana.

## III.
## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Defendant is not a citizen of the same state as Plaintiffs and the amount in

controversy exceeds $75,000, exclusive of interest and costs. Defendant, LIBERTY, is a licensed insurance company, incorporated in New Hampshire.

8. Defendant engages in the business of insurance in the State of Louisiana. The conduct of LIBERTY in the State of Louisiana includes:

(a) The making and issuing of contracts of insurance with the Plaintiffs;

(b) The taking and receiving the application of insurance from the Plaintiffs;

(c) The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

(d) The issuance or deliver of contracts of insurance to residents of this State or a person authorized to do business in this state, including the Plaintiffs.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant issued and delivered an insurance policy to the Plaintiffs in Baton Rouge, Louisiana that is the subject of this action. Defendant is a corporation which is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced.

**IV.**
**THE POLICY**

10. At all pertinent times, including June 12, 2021 and August 29, 2021 Defendant provided property and casualty insurance coverage to Plaintiffs' home under said contract of insurance with full replacement cost at the time listed by the insurer as described below. The insuring agreement is identified by policy number H3F-291-294528-70 1 8 for the property located at 3795 Catherdral Drive, Baton Rouge, Louisiana 70805:

| | |
|---|---|
| A. Dwelling with Expanded Replacement Cost | $ 227,100 |
| B. Other Structures on Insured Location | $ 22,710 |
| C. Personal Property with Replacement Cost | $ 170,330 |
| D. Loss of Use of Insured Location | Actual Loss Sustained |

11. The insuring agreement required Plaintiffs to make payments to the insurer and in exchange the insurance company would indemnify Plaintiffs in the event of a covered loss. Plaintiffs faithfully paid the required premium and the relevant policy is currently in full effect, providing property, personal property, loss of use, and other coverages.

12. Defendant received the application for insurance and accepted the risk for insurance and bound coverage prior to the time the windstorm struck Plaintiffs' home.

13. Pursuant to the terms of the policy, Defendant agreed to timely and promptly pay or reimburse Plaintiffs for:

   (a) Property damage to their main dwelling;

   (b) Property damage to their other structures;

   (c) Property damage to their families' personal property;

   (d) Additional Living Expenses, which includes evacuation expenses, and loss of use of the insured property.

14. Plaintiffs purchased property coverage for their home, other structures, personal belongings, and to protect them in the event they were forced to incur additional living expenses.

## V.
## DAMAGE CAUSED BY HURRICANE IDA AND JUNE 12, 2021 WINDSTORM

15. Exactly 16 years after Hurricane Katrina, Hurricane Ida made landfall in Port Fourchon, LA, on August 29, 2021, as a Category 4 hurricane, nearly a Category 5 hurricane, with wind speeds of 150 mph, and gusts of up to 172 mph. Hurricane Ida became the second most damaging and intense hurricane to make landfall in the state of Louisiana and is tied as

the fifth strongest hurricane to ever hit the United States in history. The National Weather Service issued extreme wind warnings for most of Southeast Louisiana, noting that in the eyewall of Ida there were tornado-like winds of 115 mph or stronger. Hurricane winds can extend 60 miles past the eye.

16. Plaintiffs' home was damaged by Hurricane Ida on August 29, 2021 (hereinafter "the Hurricane"). The Hurricane caused major damage to Plaintiffs' home, rendering it "unfit to live in." The damage includes:

    (a) Property damage to the roof and exterior of the home;

    (b) Property damage to the interior of the home;

    (c) Property damage to other structures;

    (d) Property damage to personal property; and

    (e) Loss of use of the property and evacuation expenses relating to the storm as well as continuing additional living expenses.

17. On or about June 12/13, 2021, a cluster of strong thunderstorms moved across the Baton Rouge, Louisiana area.

18. Plaintiffs' home was damaged by a thunderstorm on June 12/13, 2021 (hereinafter "storm"). The storm caused major damage to Plaintiffs' home. The damage includes:

    (a) Property damage to the roof and exterior of the home;

    (b) Property damage to the interior of the home;

    (c) Property damage to other structures;

    (d) Property damage to personal property; and

    (e) Loss of use of the property and evacuation expenses relating to the storm as well as continuing additional living expenses.

19. Plaintiffs have complied with all of their duties under the policy timely.

20. The Plaintiffs have sustained significant damages that continued and continued for because Defendant delayed in the payment for all covered damages, including consequential damages from defendant's delayal of payment for covered damages.

## VI.
## INSURER'S INADEQUATE INVESTIGATION, MISREPRESENTATIONS, DELAYS, UNTIMELY PAYMENTS, AND FAILURE TO PAY

21. The chronology of the claim activities are as follows:

| Date | Activity |
| --- | --- |
| June 12/13 2021 | Storm damages Insureds home |
| June 14, 2021 | Insured files claim |
| July 7, 2021 | Adjuster inspects the property on behalf of Insurer – Plaintiffs demonstrate all areas of damage and completed the estimate on the same date with a net claim of $0.00 and sent letter to Insureds denying claim because claim is under deductible and does not cover plumbing system repair. |
| August 29, 2021 | Hurricane Ida damages home |
|  | Insureds file claim with Insurer however Liberty claims they have no report of the claim. |
| October 25, 2022 | Undersigned sends letter of representation for Hurricane Ida |
| April 5, 2023 | Plaintiff submits a Proof of Loss for both dates of loss |

22. Insurer has offered no further information on this claim or requested any additional information from the Insured in order to complete the loss adjustment for any of the Coverages mentioned (A-D).

23. On information and belief, the investigation of the damages do not adequately account for all of the covered damages to the main dwelling, personal property, or loss of use. The Insurer has knowledge of this through its inspection as well as information received from the policyholders and this counsel pertaining to the quantum of damages caused by the covered event. As a result of the denial of coverage for the main dwelling and other structures, Plaintiffs have sustained damages and continue to sustain damages.

## VIII.
## CAUSES OF ACTION

### COUNT 1 (BREACH OF CONTRACT)

24. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 23 of this Amended Complaint.

25. As set forth above, Plaintiffs entered into a contract of insurance with Defendant that provides coverage for, *inter alia,* Property Damage, Personal Property Damage, and Additional Living Expenses as well as Debris Removal and coverage for Reasonable Repairs.

26. Plaintiffs have performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Policy.

27. Defendant agreed and was legally and contractually required to reasonably investigate the loss, provide a reasonable and timely coverage determination, and compensate the Insured for all covered losses.

28. Defendant was required to conduct a reasonable, adequate, and diligent investigation of any claims made by the Insured. Despite this obligation, the first inspection done was inadequate, and LIBERTY has still not corrected the shortcoming of the Insurer's investigation and payment for all covered losses.

29. Moreover, Defendant has underpaid for the Property damages to Plaintiffs' home, as it was given the full value of the cost of repairs as early as the date that defendant made its first inspection of damages and has yet to make this full payment.

30. Defendant agreed that coverage is owed for Plaintiffs' loss of use and additional living expenses and that it would cover the costs to offset Plaintiffs' expenses in that regard.

31.     Notwithstanding Defendant's promises and legal and contractual requirements to pay, Defendant failed to adequately pay for Plaintiffs' loss of use losses. These losses are covered by the Policy.

32.     Defendant continues to fail to pay for Coverage C and D damages despite knowing that the Insured is suffering and continues to suffer damages.

33.     Defendant's failure to promptly pay for the Insured's covered loss of use and personal property losses is a breach of the terms and conditions of the Policy and contrary to Louisiana Law.

34.     As a direct and proximate result of the breaches by Defendant, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

COUNT 2

(BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/
VIOLATIONS OF LA.R.S.§ 22:1973)

35.     Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 34 of this Amended Complaint.

36.     La. R.S. §22:1973(A) provides: "An insurer, including but not limited to a foreign line and surplus line insurer, owes to her insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

37. La. R.S. § 22:1973(B) provides: "Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such a failure is arbitrary, capricious, or without probable cause.
>
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such a failure is arbitrary, capricious, or without probable cause."

38. Plaintiffs allege and maintain that Defendant's conduct, as set forth in this Complaint, was and continues to constitute a breach of Defendant's duty of good faith and fair dealing and its duty to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured." In particular, Defendant:

> (a) Misrepresented pertinent facts and insurance policy provision to the Misrepresented pertinent facts and insurance policy provision to the Plaintiffs;
>
> (b) Failed to reasonably investigate and evaluate the coverages owed for the Plaintiffs' claim;
>
> (c) Undervalued the Plaintiffs' claims;
>
> (d) Failed to and continues to fail to adequately and timely communicate with the Plaintiff causing unnecessary delays, duplicative work, and additional expenses for the Plaintiffs;
>
> (e) Failed to timely pay the requisite amounts owed under the Policy;
>
> (f) Failed to timely make an unconditional tender of the undisputed amounts owed under the Policy;
>
> (g) Refused to pay the undisputed amounts of the claim;

(h)  Failing to conduct a reasonable investigation including failing to pay for covered damages when liability for the claim is reasonably clear

(i)  Acknowledged the coverage obligations owed to the Plaintiffs but refused to provide coverage to the Plaintiffs;

(j)  Unreasonably delayed the resolution and payment of claims made by the Plaintiffs under the Policy after submission of the required proofs of loss;

(k)  Unreasonably withheld monetary payment of policy benefits under the Policy to the Plaintiffs;

(l)  Failed to provide the Plaintiff with any reasonable or justifiable basis for withholding policy benefits from the Plaintiffs;

(m)  Compelling its insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

(n)  Failing to give equal consideration to the interests of the insureds as opposed to their own interest;

(o)  Ignoring evidence submitted by or for the insured that supports payment of the claim;

(p)  Speculating to deny or underpay the full amount of damages necessary to indemnify the insured; and

(q)  Engaged in conduct prohibited by La. R.S. § 22:1964(14).

39.  As a direct and proximate result of Defendant's conduct, the Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

40.  La. R.S § 22:1973(C) provides: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.  Such penalties, if awarded, shall not

be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

41. In addition to the claimed loss and damage as set forth above, the Plaintiffs seek penalties under La. R.S. § 22:1973(C) for Defendant's acts or omissions as set forth herein.

## COUNT 3

### (VIOLATIONS OF LA. R.S. §22:1892)

42. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 41 of this Amended Complaint..

43. La. R.S. §22:1892(A)(1) provides: "All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph."

44. La. R.S. § 22:1892(A)(4) provides: "All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim."

45. La. R.S. § 22:1892(C)(2) provides: "No insurer shall intentionally or unreasonably delay, for more than three calendar days, exclusive of Saturdays and Sundays, and legal holidays, after presentation for collection, the processing of any properly executed and endorsed check or draft issued in a settlement of an insurance claim."

46. Plaintiffs allege and maintain that Defendant has received satisfactory proofs of loss for the claimed losses and damages for which Defendant has failed to pay any amount within thirty (30) days, as prescribed by La. R.S. § 22:1892(A)(1).

47. Plaintiffs allege and maintain that Defendant failed to make any written offer to settle Plaintiffs' property damage claim within thirty (30) days after Defendant received satisfactory proofs of loss of that claim, as prescribed by La. R.S. § 22:1892(A)(4).

48. Plaintiffs allege and maintain Defendant's failures as herein alleged were and are unreasonable, arbitrary, and capricious.

49. As a direct and proximate result of Defendant's failures, Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

50. La. R.S. § 22:1892(B)(1) provides: "Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle and property damage claim…within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs A(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured…or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such

penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings."

51. La. R.S. § 22:1892(C)(3) provides: "Any insurer violating this Subsection shall pay the insured or claimant a penalty of two hundred dollars or fifteen percent of the face amount of the check or draft, whichever is greater."

52. In addition to the claimed loss and damage as set forth above, Plaintiffs seek penalties under La. R.S. §22:1892(B)(1) and (C)(3) for Defendant's failures as set forth herein.

## COUNT 4

### (BREACH OF FIDUCIARY DUTIES)

53. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation contained in paragraphs 1 through 52 of this Amended Complaint.

54. Defendant owes Plaintiffs "a high fiduciary duty to discharge its policy obligations to it insured in good faith."[1]

55. Defendant breached the fiduciary duties it owed Plaintiffs by engaging in the conduct specified above.

56. As a direct and proximate result of the unfair trade practices of Defendant, Plaintiffs have and will continue to incur substantial loss and damage, as well as attorney's fees and costs, experts' fees and costs, mitigation, investigation, and other costs and expenses in excess of the jurisdictional limit of this court, according to proof.

---

[1] *Kelly v. State Farm Fire & Cas. Co.,* 2014-1921 (La. 5/5/15, 20), 169 So.3d 328, 341.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For compensatory, general, and all consequential damages, according to proof;

2. For the full amount of policy benefits owed to the THOMPKINS under the Policy for the loss and damage sustained by the THOMPKINS as a result of the June 12, 2021 storm and Hurricane Ida which shall include loss and/or damage arising from the following: Coverages A, B, C and D;

3. For all damages sustained and statutory penalties pursuant to La. R.S. §§ 22:1973(C) and 22:1892(B)(1), (C)(3);

4. For attorney's fees and costs;

5. For experts' fees and costs;

6. For mitigation, investigation and other costs and expenses;

7. For legal interest, according to proof;

8. For punitive and/or treble damages, according to proof; and

9. For all such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable to a jury and has included the requisite fee with this filing.

          Respectfully Submitted,
          THE BRASHER LAW FIRM, PLLC

By: */s/ Joe Muckleroy*
   Clint Brasher, Trial Attorney
   Louisiana Bar No. 29540
   Joe Muckleroy
   Louisiana Bar No. 30935
   Nishi Kothari
   Louisiana Bar No. 39655
   **\*1122 Orleans Street**
   **Beaumont, Texas 77701**
   **Mailing address**
   Telephone:  (409) 832-3737
   Facsimile:  (409) 832-3838
   clint@brasherattorney.com
   joe@brasherattorney.com
   nishi@brasherattorney.com
   *Attorneys for the Plaintiffs*